UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MELISSA EDDY,<br>1273 Kay Drive<br>Mason, Ohio 45040 | : <br> : <br> : | Civil No. 1:15CV443<br>Judge J. BLACK |
| Plaintiff, | : | Magistrate Judge _____ |
| vs. | : | |
| UNUM LIFE INSURANCE<br>COMPANY OF AMERICA<br>2211 Congress Street<br>Portland, Maine 04122 | : <br> : <br> : | **COMPLAINT** |
| AND | : | |
| HUMANA INC. LONG TERM<br>DISABILITY PLAN (PLAN 502)<br>c/o Humana Inc.<br>500 W. Main Street<br>Louisville, Kentucky 40202 | : <br> : <br> : | |
| Defendants. | : | |



I. **PRELIMINARY STATEMENT**

1. This is a denial of benefits claim under the Employee Retirement Income Security Act (ERISA), §502(a)(1)(B), 29 U.S.C. §1332(a)(1)(B) with Plaintiff ("Ms. Eddy") seeking to recover all benefits due her under the terms of a group long-term disability insurance policy or Plan ("the Plan") that she had as an incident to her employment with Humana, Inc., such Plan involving long-term disability insurance benefits for which Defendant Unum Life Insurance Company of America ("Unum") would be

responsible. Plaintiff seeks all benefits due her under said Plan, and seeks to enforce her rights under the Plan, and to enforce and/or to clarify her rights to future benefits under the Plan.

## II. JURISDICTION

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331(federal question) and pursuant to 29 U.S.C. §1132(e)(1)("ERISA").

3. Venue is proper in this Court because both Defendants can be found in the Southern District of Ohio, Western Division, Cincinnati, and/or are otherwise doing business in this jurisdiction 29 U.S.C. §1132(e)(2).

## III. ADMINISTRATIVE HISTORY

4. On or about March 14, 2013, Ms. Eddy, an employee of Humana, became disabled; after expiration of a 6 month waiting period, Ms. Eddy applied to the Plan and/or to Defendant Unum for payment of long term disability benefits based upon an ERISA employee benefit plan (Plan No. 502) provided to her as an incident to her employment with Humana.

5. Defendant Unum, the issuer of the policy, having been given the authority and discretion to interpret the Plan by the Plan Administrator, Humana, and thus having been given the authority and discretion to make decisions with respect to eligibility under the Plan, initially approved Ms. Eddy's application for benefits beginning September 12, 2013.

2

6. On or about May 15, 2014, however, Defendant Unum wrote to Ms. Eddy and advised her in writing that they had concluded that she no longer met the Plan definition of disability and were therefore denying benefits beyond May 13, 2014.

7. Ms. Eddy, through counsel, timely filed a formal appeal as to the termination of her benefits, filing such appeal with Defendant Unum.

8. On February 9, 2015, Defendant Unum denied Ms. Eddy's final appeal.

9. Ms. Eddy has now exhausted all administrative remedies and/or requirements with Defendant Unum and/or under ERISA, with her only recourse now being the filing of this Complaint for judicial review.

### IV. PARTIES

10. Plaintiff, Melissa Eddy, is an individual and a resident of the state of Ohio, and specifically of Warren County, Ohio. At all times relevant, Ms. Eddy was an employee of Humana, Inc.

11. At all times relevant and during the time that Ms. Eddy worked as an employee of Defendant Humana she worked at a Humana office located in Hamilton County, Ohio, in this judicial district.

12. As an employee of Humana, Inc., Ms. Eddy was a participant in the aforementioned group long-term disability plan, such being the Plan previously described herein, Plan No. 502, with the name of the Plan being Humana Inc. Plan.

13. The employer or plan sponsor was Humana, Inc. and the type of plan was a welfare benefit plan providing group long-term disability insurance benefits.

14. Ms. Eddy meets the criteria for continued payment of benefits under said Plan.

15. Defendant Unum Life Insurance Company of America is an insurance company that, among other things, issues, sells and/or administers group long-term disability insurance policies.

16. Defendant Unum issued an insurance policy, Policy No. 137513 001, to fund the Plan.

17. Further, the Plan Administrator, Humana Inc. delegated to Defendant Unum and its affiliate Unum Group full discretionary authority to make benefit determinations under the Plan, including decisions with respect to eligibility for benefits. As such, Defendant Unum is a proper party defendant in this case.

18. Defendant Unum has one or more physical locations in the Cincinnati / Hamilton County, Ohio area and/or is actively doing business in said area, and accordingly can be found in the Southern District of Ohio, Western Division. This Court therefore has jurisdiction over the dispute and venue is appropriate in this case.

19. Defendant Unum has definitively denied payment of further long term disability benefits to Ms. Eddy under the Plan beyond May 13, 2014.

20. Humana was both Ms. Eddy's employer and the Plan Administrator. Because the Plan is an ERISA plan, the Plan is a proper party defendant in this case.

21. Because Defendant Unum has been given full discretion and authority to determine eligibility for benefits under the Plan, jurisdiction and venue are appropriate with this Court.

## V. STATEMENT OF CLAIMS

22. At all times relevant, Plaintiff had been for several years and continued to be continuously employed by Humana, Inc., a participating employer and the Plan Sponsor.

23. As an employee of Humana, Plaintiff was covered under the ERISA long-term disability Plan referenced previously herein. Defendant Humana granted Defendant Unum full discretion and/or authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Plan and/or of the group long term disability insurance policy issued by them.

24. On or about March 14, 2013, Plaintiff had to stop working for Humana due to serious medical problems.

25. Plaintiff received short term disability benefits for a period of approximately 6 months and then filed her application for payment of long term disability benefits with Defendants, such application eventually being granted, with benefits being paid for a number of months up until May 13, 2014, at which time Defendant Unum advised Plaintiff that no further benefits would be paid, as herein recounted, leading to the appeals referenced herein.

## VI. COUNT 1

26. Plaintiff hereby incorporates by reference paragraphs 1-25 as fully rewritten herein.

27. Defendants are liable to Plaintiff for payment of long-term disability benefits under the Plan from May 14, 2014 to present, and continuing.

28. The denial by Defendants of benefits to Plaintiff from May 14, 2014 to present and ongoing is both arbitrary and capricious.

29. Defendant Unum had a dual role as both the issuer of the group long term disability insurance policy or plan and as the Administrator of the Plan, having been so designated by Defendant Humana (or with the role of Administrator having been inferred upon by Humana or by the Plan). Therefore, Defendant Unum had a dual role in terms of both evaluating Ms. Eddy's claim and in terms of having to pay Ms. Eddy benefits, creating an inherent conflict of interest.

30. The record as a whole demonstrates conclusively that Plaintiff has not been capable of performing her own occupation or any other occupation due to her medical impairments and that she therefore meets the definition of disability under the Plan.

31. Defendants acted arbitrarily and capriciously in failing to properly evaluate Ms. Eddy's claim of ongoing disability.

32. Defendants have improperly denied Plaintiff's claim for ongoing benefits from May 14, 2014 forward, this is in violation of the appropriate standards under ERISA and/or based upon common law interpretation of the policy or Plan, and have breached the terms of the Plan.

33. Due to the conduct of both Defendants, Plaintiff has suffered a loss of benefits, and has or may incur attorney fees and costs.

## VII. DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff Melissa Eddy demands relief against Defendants Unum Life Insurance Company of America and the Humana Inc. Plan, jointly and severally, as follows:

1. Accrued and ongoing long-term disability insurance payments under the Policy or Plan, including any applicable cost of living adjustments;

2. Attorney fees and costs;

3. Interest;

4. Statutory damages;

5. Any and all legal and/or equitable relief to which Plaintiff may be deemed entitled.

Respectfully submitted,

_Edward C Ahlers_
Edward C. Ahlers (0014940)
Crowley, Ahlers & Roth Co., L.P.A.
414 Walnut Street, Suite 707
Cincinnati, Ohio 45202-3979
Phone: (513) 621-1652
Fax: (513) 621-8430
E-mail: eahlers@ohio-comp.com
Attorney for Plaintiff, Melissa Eddy

7